**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELICIA SMITH and REINARD SMITH,<br><br>  Plaintiffs,<br><br>v.<br><br>MIKHAIL DAVIDOV, et al.,<br><br>  Defendants. | Civil Action No. 22-04998 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon *pro se* Plaintiffs Felicia and Reinard Smith's "Emergency Motion to Secure a Fair Trial" and their subsequent "Motion to Include Documents in Support of Plaintiff's Emergency Motion for Relief." (ECF Nos. 54 & 59.) For the reasons set forth below, and other good cause shown, the motions are **DENIED**.

Plaintiffs assert causes of action against Defendants under the Truth in Lending Act and the New Jersey Consumer Fraud Act arising from Plaintiffs' purchase in August 2021 of a 2010 Mercedes-Benz GL450 4MATIC from AutoShow, LLC. (*See generally* ECF No. 1.)

In January 2024, following a telephonic status conference, the Court extended the fact discovery deadline until March 15, 2024. (ECF No. 36.) Then, on May 1, 2024, the Court issued a Text Order scheduling a video settlement conference with the parties for May 30, 2024. (ECF No. 40.) On May 8, 2024, Plaintiffs moved for partial judgment on the pleadings. (ECF No. 41.) That motion is now fully briefed.

On May 29, 2024, Plaintiffs filed Defendants' "answers to [Plaintiffs'] interrogatories for the Court's convenience." (ECF No. 44 at 1.) Appended to the filing was a document titled

"Plaintiffs' Objections to Defendants Interrogatory Answers and Their Motion to Strike Defendants' False Defenses." (*Id.* at 9-15.) Plaintiffs ask the Court to "direct Defendants to adequately and responsibly answer the interrogatories with which [they] take issue." (*Id.* at 13.) Plaintiffs also ask the Court to "strike . . . [certain] defenses being used by . . . Defendants." (*Id.* at 15.) On July 25, 2024, the Court entered a Text Order noting that the motion had inadvertently not been docketed as such. (ECF No. 52.) The Court directed the Clerk to set the motion as returnable on August 19, 2024, and the Court issued a briefing schedule on the motion. (*Id.*) That motion is now fully briefed.

On June 7, 2024, Defendants moved to extend discovery for the purpose of amending their responses to Plaintiffs' interrogatories and to produce an audio recording and transcript of a telephonic call. (ECF No. 45.) The motion was granted by the Court on August 16, 2024. (ECF No. 62.)

On August 1, 2024, Plaintiffs filed an "Emergency Motion to Secure a Fair Trial." (ECF No. 54.) In the motion, Plaintiffs claim that because their May 29, 2024 motion was not initially docketed as a motion, they "have been unfairly disadvantaged," and they demand "an immediate emergency hearing." (*Id.* at 5.) In response, Defendants argue that "there is no 'emergency'" and that Plaintiffs "are simply trying to 'jump the line' and have their case handled before other cases." (ECF No. 55 at 1.) Two weeks later, on August 14, 2024, Plaintiffs filed their "Motion to Include Documents in Support of Plaintiff's Emergency Motion for Relief." (ECF No. 59.) Plaintiffs ask the Court to consider certain documents—namely, various Carfax reports, deposition testimony, and a text message—when deciding their request for emergency relief. (*Id.* at 2-3.) In response, Defendants argue that "Plaintiffs are attempting to create an issue" by "claiming that . . . defendants

2

failed to produce the full Carfax." (ECF No. 60 at 1.) Plaintiffs reply that Defendants are attempting to misrepresent the real issues in the litigation. (ECF No. 61 at 2-3.)

After careful consideration, the Court identifies no emergency nor meaningful prejudice to Plaintiffs. There is, thus, no basis for Plaintiffs' emergency motions. As noted, Plaintiffs' motion for judgment on the pleadings and motion to strike Defendants' affirmative defenses and objections to interrogatories are briefed and will be decided by the Court in due course. *See, e.g., Lapidow v. San Antonio Marriott Rivercenter*, Civ. No. 23-00805, 2024 WL 863426, at *4 (D.N.J. Feb. 29, 2024) ("[T]he District of New Jersey is known to have a heavy case load."). Accordingly, for these reasons,

**IT IS** on this 28th day of August, 2024, **ORDERED** as follows:

1. Plaintiffs' "Emergency Motion to Secure a Fair Trial" and their subsequent "Motion to Include Documents in Support of Plaintiff's Emergency Motion for Relief" are **DENIED** without prejudice.

2. The Clerk is directed to **ADMINISTRATIVELY TERMINATE** the motions pending at ECF Nos. 54 & 59 and to mail a copy of this Memorandum Order to Plaintiffs via regular United States mail.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE