# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELICIA SMITH, et al., | : |
| Plaintiffs, | : Civil Action No. 22-4998 (GC) (JTQ) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| MIKHAIL DAVIDOV, et al., | : |
| Defendants. | : |

The docket in this matter is peppered with applications seeking various forms of relief from the Court. The instant application titled "Plaintiffs' Objections to Defendants [sic] Interrogatory Answers" seeks "To Strike Defendants [sic] False Defenses." ECF No. 44. The Court has fully reviewed the Parties' submissions and considers the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons below, Plaintiffs' motion is DENIED.

## I.     BACKGROUND

This action arises out of the events that occurred on August 17, 2021, when plaintiffs, Felicia and Reinhard Smith ("Plaintiffs") purchased a used vehicle from defendant AutoShow, LLC ("AutoShow"). Plaintiffs claim that Defendants Nathan and Mikhail Davidov (and another defendant, only identified as "Justice" or John Doe) helped Plaintiffs obtain financing for a Mercedes GL 450 4MATIC and finalize the purchase. ECF No. 1 (Complaint, "Compl.") ¶¶ 16-25. Plaintiffs contend that

Nathan told them the Mercedes cost $11,500.00 plus taxes and at the time Plaintiffs signed the paperwork, Mikhail gave them a final cost of $13,785.00. *Id*. ¶¶ 24, 16.

Plaintiffs further allege that it was not until they arrived home from Autoshow that they realized Defendants did not provide complete copies of the paperwork for their purchase. *Id*. ¶¶ 30-32. They claim that when Mikhail eventually made them copies of the missing documents, they realized for the first time that the price they were charged was actually $15,488.00. *Id*. ¶ 33. Moreover, Plaintiffs allege that they searched the VIN number for their new car and found that AutoShow had advertised the vehicle for $10,955.00. *Id*. ¶ 41. Based upon these facts, Plaintiffs allege violations of the Truth in Lending Act and the Consumer Fraud Act.

In the motion presently before the Court, Plaintiffs dispute the truth of Defendants' responses to 10 of Plaintiffs' 23 interrogatories. *See* ECF No. 44 (Plaintiffs' Moving Brief, "Mov. Br.") at 10-13.[1] Plaintiffs claim that Defendants' denials are "inadequate" answers to interrogatories since Plaintiffs have "evidence" that "incontrovertibly establishes . . . $10,995.00 . . . [as] the advertised price of the vehicle." *Id*. at 10-11, 14.

In opposition to Plaintiffs' motion, Defendants argue that the Retail Installment Sales Contract (RISC) Plaintiffs signed included the necessary Truth-in-Lending provisions and that Plaintiffs verified the terms of the sale and financing on August 18, 2021. ECF No. 56 (Defendants' Opposition Brief ("Opp. Br.") at 1.

---

[1] The page numbers cited herein are those provided by PACER.

2

Defendants further assert that Plaintiffs violated Fed. R. Civ. P. 11(b) and may therefore be subject to sanctions under Rule 11(c). *Id.* at 2.

## II.   LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure "governs sanctions against a party who fails to provide discovery as required by the discovery rules or a court order." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006). Specifically, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to, or instead of, this sanction, "on motion and after giving an opportunity to be heard[,]" a court may also "order payment of the reasonable expenses, including attorney's fees, caused by the failure," "inform the jury of the party's failure," or impose other "appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C).

"Rule 37 sanctions are available to the district court 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Wachtel*, 239 F.R.D. at 84 (quoting *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643 (1976)). "The Court has broad discretion regarding the type and degree of sanctions it can impose . . . but the sanctions must be just and related to the claims at issue." *Id.*

### III. ANALYSIS

Before addressing the merits of Plaintiffs' motion, the Court reminds the Parties of this District's meet-and-confer requirements, which *must* occur before a discovery motion is filed. It is obvious that there were *no* communications between the Parties, let alone the fulsome exchange required by the Local Rules. The Court will not deny Plaintiffs' motion on this basis, but the Parties shall adhere to this requirement going forward.

Turning to the motion's merits, the Court concludes that discovery sanctions under Rule 37 are inappropriate here. While neither Plaintiffs' nor Defendants' briefing were particularly helpful in resolving the instant dispute, Plaintiffs appear to be asking the Court to strike certain interrogatory responses because Defendants' responses are "false[,] baseless denials which fail to refute the evidence of record." Mov. Br. at 10. Stated differently, Plaintiffs seek an order striking discovery responses because Defendants and Plaintiffs have a fundamental disagreement over their reading of a particular set of documents. Of course, neither Plaintiffs nor Defendants provided the Court with the relevant documents. It matters not, however, because this Court is not the trier of fact in this case—a jury of the Parties' peers is. And if this matter proceeds to trial, the Parties will have ample opportunity to test their theories, as well as present and cross examine witnesses to persuade the jury that their view of the facts and interpretation of the documents is the correct one.

*   *   *

In the end, Plaintiffs may, if they so choose, characterize Defendants' discovery responses as "inadequate," "false," and "misleading," but those descriptors neither answer the relevant sanctions inquiry (Mov. Br. at 10), nor present appropriate bases for imposing Rule 37 sanctions.[2]

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs have not demonstrated that discovery sanctions are warranted. Therefore, Plaintiffs' Motion to Strike (ECF No. 44) is denied. The Clerk of Court is directed to terminate ECF No. 44.

s/ Hon. Justin T. Quinn<br>
JUSTIN T. QUINN<br>
UNITED STATES MAGISTRATE JUDGE

---

[2] Though Plaintiffs' motion is styled as a motion to strike, the Court has also considered it as if it were filed as a motion to compel, given Plaintiffs' complaint of "inadequate" discovery responses. The Court has reviewed Plaintiffs' interrogatories and Defendants' responses and finds Plaintiffs' arguments unpersuasive. In sum, Plaintiffs asked a series of questions and Defendants answered those questions, interposing objections where Defendants deemed appropriate. As such, based upon the information before the Court, Defendants' responses are not "inadequate."