**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELICIA SMITH and REINARD SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> MIKHAIL DAVIDOV, *et al.*, <br><br> Defendants. | Civil Action No. 22-04998 (GC) (JTQ) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiffs Felicia and Reinard Smith's "Motion Seeking to Reverse Magistrate Judge's Order Allowing Defendants [] to Reopen Discovery" (ECF No. 64) and "Motion Seeking to Reverse Magistrate Judge's Order Denying [Plaintiffs'] Motion to Strike Defendants['] Defenses" (ECF No. 71). Defendants opposed both motions and Plaintiffs replied. (ECF Nos. 65, 67, 72, 73.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiffs' Motions are **DENIED**.

**I.  BACKGROUND**

  Plaintiffs, proceeding *pro se*, assert causes of action against Defendants under the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f [1] and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*, arising from Plaintiffs' purchase of a 2010 Mercedes-Benz GL450 4MATIC from

---

[1]  The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

Autoshow, LLC. (*See generally* ECF No. 1.) Plaintiffs now seek reconsideration of two orders issued by the United States Magistrate Judges in this case. (ECF Nos. 62 & 71.)

### A. The August 16, 2024 Order

On June 7, 2024, Defendants filed a Motion to Extend Discovery for a Limited Purpose. (ECF No. 45.) Although discovery had ended, Defendants sought to produce recently discovered evidence—an audio recording that purportedly contains Plaintiff Felicia Smith admitting that she signed a document that she now denies signing. (*Id.* at 3.[2]) Defendants contend that the audio recording undercuts Plaintiffs' claim of not receiving required Truth in Lending Act disclosures. (*Id.* at 3-5.) Plaintiffs objected to Defendants' requested discovery extension arguing, among other things, that the evidence should have been located and produced at the outset of the litigation. (ECF No. 46 at 3.) On August 16, 2024, the Magistrate Judge granted Defendants' request to extend discovery to produce the audio recording. (ECF No. 62.) On August 27, 2024, Plaintiffs timely appealed the August 16, 2024 Order to this Court. (ECF No. 64.)

### B. The September 10, 2024 Order

On May 29, 2024, Plaintiffs moved pursuant to Rule 37(c) to strike Defendants' interrogatory responses, which Plaintiffs claimed were "inadequate," "false," and "misleading." (ECF No. 44 at 10-11.) Defendants opposed the motion and Plaintiffs replied. (ECF Nos. 46 & 47.) On September 10, 2024, the Magistrate Judge denied Plaintiffs' motion, finding no basis to strike Plaintiffs' interrogatory responses. (ECF No. 70.) Specifically, the Magistrate Judge found that Plaintiffs' Motion raised an issue of fact that was properly left for a jury to decide. (*Id.* at 4.)

---

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

On September 23, 2024, Plaintiffs timely appealed the Magistrate Judge's Order to this Court. (ECF No. 71.)

## II. STANDARD OF REVIEW

In this district, magistrate judges are authorized to determine any pretrial, non-dispositive motion in civil cases. *See* L. Civ. R. 72.1(a)(1); *see also* 28 U.S.C. § 636(b)(1)(A). Once a magistrate judge issues an order, the parties may, within fourteen days, appeal to the district court for further review. *See* Fed. R. Civ. 72(a).

A district court will only reverse a magistrate judge's decision on a non-dispositive issue if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). Findings that are appealed as contrary to law are reviewed de novo. *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). The party appealing bears the burden of demonstrating that the magistrate judge's decision should be overturned. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

"However, where an appeal seeks review of a matter within the purview of the magistrate judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion standard,' must be applied." *Fagan v. Fischer*, Civ. No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. Jun. 11, 2018). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted.'" *Harrington v. Bergen Cnty.*, Civ. No. 14-5764, 2017 WL 4387373, at *1 (D.N.J. Oct. 3, 2017) (quoting *Leap Sys., Inc. v. Moneytrax, Inc.*, Civ. No. 05-1521, 2010 WL 2232715, at *3 (D.N.J. June 1, 2010)).

### III.     DISCUSSION

The Court concludes that neither of the Orders at issue were clearly erroneous or contrary to law, nor did the Magistrate Judges abuse their discretion.  Thus, the Court affirms both Orders.

In granting Defendants' request to extend discovery to produce newly discovered evidence, the Magistrate Judge carefully considered the issues and correctly applied the relevant law.  Applying the four-factor test set forth in *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 701 (D.N.J. 2013), the Magistrate Judge concluded that the newly discovered evidence was critical to the case, an extension would not present a logistical or procedural burden, and that Plaintiffs would not suffer prejudice.  (ECF No. 62 at 3-6.)  Although the Magistrate Judge agreed with Plaintiffs that the recording could have been discovered sooner, he noted that the issue had become a focal point during a recent settlement conference, making Defendants' further investigation into the issue reasonable.  (*Id.* at 5.)  The Magistrate Judge also placed appropriate weight on the fact that the newly discovered evidence was critical to the case.  (*Id.* at 3.)  "The importance of the evidence is often the most significant factor" in whether a party should be allowed to supplement their claims or defenses with additional evidence.  *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citing *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991)).

In their appeal of the August 16, 2024 Order, Plaintiffs argue that the audio recording produced by Defendants has not been authenticated and fails to comply with the Uniform Electronic Transactions Act.  (ECF No. 64 at 3.)  Plaintiffs are free to challenge the admissibility of the audio recording at trial, but it does not stand as a sufficient basis to overturn the Magistrate Judge's Order.  The Court affirms the August 16, 2024 Order.  (ECF No. 62.)

The September 10, 2024 Order denying Plaintiffs' Motion to Strike pursuant to Rule 37(c) is similarly well-reasoned.  (*See* ECF No. 70.)  Rule 37(c) authorizes a court to strike a party's

pleadings, among other sanctions, for failure to disclose or supplement an earlier response under Rule 26 and/or for failure to admit under Rule 36.  Fed. R. Civ. P. 37(c); *see also Industria de Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, Civ. No. 16-6576, 2022 WL 1683747, at *10 (D.N.J. May 26, 2022), *objections overruled*, Civ. No. 16-6576, 2023 WL 4197114 (D.N.J. June 27, 2023) (noting that Rule 37(c) "authorizes the [c]ourt to sanction a party for failing to disclose certain information without substantial justification").  In determining whether to impose sanctions under Rule 37(c), courts consider "(1) prejudice or surprise to the [p]laintiffs; (2) the ability of [p]laintiffs to cure the prejudice; (3) the likelihood of disruption; and (4) the [d]efendants' bad faith or unwillingness to comply."  *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 105 (D.N.J. 2006).

      Plaintiffs argue that in denying their Motion, the Court allowed Defendants "to avoid having to meet their burdens of proof."  (ECF No. 71.)  In response, Defendants contend that Plaintiffs are simply "trying to strike defendants' defenses so they can argue that the evidence against them is uncontroverted."  (ECF No. 73 at 1.)  In denying Plaintiffs' Motion, the Magistrate Judge found that discovery sanctions were inappropriate because Plaintiffs were essentially raising factual issues. (ECF No. 70 at 4.)  The Magistrate Judge noted that Plaintiffs are free to develop the issues of fact further at trial through the presentation and cross-examination of witnesses.  (*Id.* at 4.)

      A court has "broad discretion regarding the type and degree of sanctions it can impose. . . ."  *Wachtel*, 239 F.R.D. at 84 (citation omitted).  Here, Plaintiffs have not shown that the Magistrate Judge's Order—which recognized their right to present and challenge evidence at trial—was erroneous.  Although Plaintiffs appear to ask the Court to strike Defendants' interrogatory responses under Rule 37(c), that Rule does not provide for such a remedy.  *See Precision Fabrics Grp., Inc. v. Tietex In'l, Ltd.*, 297 F. Supp. 3d 547, 561 (D.S.C. 2018) ("[The plaintiff] has also

5

moved to strike [the defendant's] second supplemental interrogatory response. But motions to strike apply to pleadings." (citations omitted)). And even if Defendants sought to strike a pleading (*e.g.*, Defendants' Answer) under Rule 37(c), Plaintiffs have not argued that Defendants "fail[ed] to disclose information required by Rule 26(a) or 26(c)(1), or to amend a prior response to discovery as required by Rule 26(c)(2)." *Wachtel*, 239 F.R.D. at 105; *cf. Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, Civ. No. 15-5477, 2019 WL 581544, at *6 (D.N.J. Feb. 13, 2019) (requiring a party that served an untimely supplemental expert report to pay for certain costs associated with the other party responding to the report). Nor does Plaintiffs' Motion raise that Defendants "fail[ed] to admit what [was] requested under Rule 36." Fed. R. Civ. P. 37(c)(2).

To the contrary, as the Magistrate Judge concluded, Plaintiffs' arguments in support of their Motion relate to underlying factual issues. (*See, e.g.*, ECF No. 44 at 14 ("Defendants baseless defense as to the 'advertised price disclosure' document, must be stricken as Defendants cannot legally dispute, evidence AutoShow independently submitted. And which evidence, incontrovertibly establishes August 17, 2021, as the date the price of $10,995.00, had been the advertised price of the vehicle.").)

"In the Third Circuit, 'a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified." *Wachtel*, 239 F.R.D. at 100 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994)). Here, the Magistrate Judge correctly concluded that there was not a factual basis to grant Plaintiffs' Motion. Importantly, none of the factors that would support granting a motion under Rule 37(c) weigh in favor of granting the Motion here: Plaintiffs were not prejudiced or surprised, their case has not been disrupted, and there is no indication that Defendants acted in bad faith. *See id.* at 105.

Thus, the Court sees no basis to grant Plaintiffs' Motion to Strike. The Court therefore affirms the September 10, 2024 Order.

## IV.   CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

IT IS on this 6th day of November, 2024, **ORDERED** as follows:

1. Plaintiffs' "Motion Seeking to Reverse Magistrate Judge's Order Allowing Defendants [] to Reopen Discovery" (ECF No. 64) is **DENIED** with prejudice.

2. The August 16, 2024 Order is **AFFIRMED**.

3. Plaintiffs' "Motion Seeking to Reverse Magistrate Judge's Order Denying [Plaintiffs'] Motion to Strike Defendants['] Defenses" (ECF No. 71) is **DENIED** with prejudice.

4. The September 10, 2024 Order is **AFFIRMED**.

5. This Order is without prejudice to Plaintiffs' rights to later challenge the admissibility of any proffered evidence.

6. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF No. 64 and 71.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**