NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELICIA SMITH and REINARD SMITH,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MIKHAIL DAVIDOV, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 22-04998 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiffs Felicia and Reinard Smith's Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure (Rule) 12(c).  (ECF No. 41.)  Defendants opposed and Plaintiffs replied.  (ECF Nos 42 & 46.)  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Plaintiffs' Motion is **DENIED**.

**I.　　BACKGROUND**

Plaintiffs, proceeding *pro se*, assert causes of action against Defendants under the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f,[1] and the New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8-1 *et seq.*, arising from Plaintiffs' purchase of a 2010 Mercedes-Benz GL450 4MATIC from Defendant Autoshow, LLC.  (*See generally* ECF No. 1.)  According to Plaintiffs, Defendants Nathan and Mikhail Davidov assisted them with financing and purchasing the

---

[1]　　The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

Mercedes. (*Id.* ¶¶ 16-25.) Plaintiffs allege that Nathan quoted the price of the Mercedes as $11,500 plus tax, and that Mikhail told Plaintiffs the final cost was $13,785. (*Id.* ¶¶ 24, 26.) Plaintiffs purchased the vehicle, but upon arriving home they noticed that Defendants did not provide them with complete copies of the sale paperwork. (*Id.* ¶ 28.) Plaintiffs claim that when Mikhail provided them with the missing documents, it became apparent they had been charged $15,488 as opposed to the quoted price of $11,500. (*Id.* ¶¶ 32, 33.) Plaintiffs further allege that upon searching the VIN number for their vehicle online, they found it advertised by Autoshow for $10,955. (*Id.* ¶ 41.)

## II.  STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will not be granted unless the movant 'clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law.'" *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In considering a motion for judgment on the pleadings, [the Court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party. . . ." *Id.* (citation omitted). The Court "does not consider matters outside of the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004); *see also Bedoya*, 914 F.3d at 816 n.2. If the Court considers matters outside of the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and the Court must give notice to all parties. Fed. R. Civ. P. 12(d). However, the Court may consider "(1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint" without converting the motion to one for summary judgment. *Dovale v. Marketsource, Inc.*, Civ. No. 05-2872, 2006 WL 2385099, at *5 (D.N.J. Aug. 17, 2006).

## III. DISCUSSION

The gravamen of Plaintiffs' Complaint is that Defendants overcharged them for a used car. (*See generally* ECF No. 1.) Plaintiffs seek only partial judgment on the pleadings, arguing that they are entitled to judgment on the theory that Defendants committed a "bait and switch" in violation of the NJCFA. (ECF No. 46 at 2.[2]) The NJCFA provides that "[t]he advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the act to which this act is a supplement." N.J. Stat. Ann. § 56:8-2.2; *see also Petinga v. Sears, Roebuck & Co.*, Civ. No. 05-5166, 2009 WL 1622807, at *5 (D.N.J. June 9, 2009).

Plaintiffs argue they are entitled to judgment on the pleadings because Defendants allegedly increased the price of the car Plaintiffs purchased from the advertised price of $10,995 to $15,488.94. (ECF No. 41 at 5.) Plaintiffs contend that the price was increased further to $16,517.76 due to the "financed amount being wrongfully calculated." (ECF No. 41 at 7.)

Defendants, on the other hand, argue that the Motion must be denied because the pleadings establish that there are facts in dispute. For example, Defendants denied Plaintiffs' allegations that: (1) Plaintiffs never signed certain documents; (2) Defendants overcharged Plaintiffs in relation to the advertised price; and (3) Defendants concealed material facts concerning the financing and condition of the car from Plaintiffs. (ECF No. 42 at 7.)

Particularly relevant to Plaintiffs' "bait and switch" theory are their allegations that Defendants "failed to inform [Plaintiffs] during [their] signing the documents [that] the price of the Mercedes was $15,488.00" and that Defendants "failed to give [Plaintiffs] a breakdown of the

---

[2]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

cost of credit, such as the rate at which [Plaintiffs] were borrowing, annual percentage rate, and total cost of everything." (ECF No. 1 ¶¶ 33-34). However, Defendants denied these allegations in their Answer. (ECF No. 11 ¶¶ 33-34.) At this stage, the Court must treat the denied allegations as false. *See Dovale*, 2006 WL 2385099, at *6 ("[A]ll allegations of the moving party which have been denied by the non-moving party must be taken as false" (citation omitted)). Defendants also pled several affirmative defenses, including that Plaintiffs failed to state a claim upon which relief could be granted, that Plaintiffs' alleged injuries were caused solely by Plaintiffs' own conduct or that of third parties, and that Defendants acted in good faith. (ECF No. 11 at 8-9.)

Defendants' denials and affirmative defenses are sufficient to survive Plaintiffs' Motion for Partial Judgment on the Pleadings. *See Aetna Life Ins. Co.*, 54 F. Supp. 3d at 335 (finding that the plaintiff's motion for judgment on the pleadings "must be denied because [the] [d]efendant's [a]nswer clearly raises issues of material fact and asserts affirmative defenses that preclude judgment on the pleadings"); *Simmons v. Comm'r Gary Lanigan,* Civ. No. 16-4215, 2020 WL 5500280, at *2 (D.N.J. Sept. 11, 2020) (denying the plaintiff's motion for judgment on the pleadings in part because the defendant's affirmative defense that she "acted in good faith and as a reasonably prudent person at all relevant times" created a dispute of material fact); *Powerhouse Equip. & Eng'g Co. v. AAA Mobile Boiler, Inc.*, Civ. No. 19-12144, 2020 WL 2786929, at *4 (D.N.J. May 29, 2020) ("[The defendant's] [a]nswer raises issues of material fact as to whether [the] [p]laintiff is owed monies by denying key allegations and raising defenses to [the plaintiff's] claims, thereby precluding a judgment on the pleadings.").

In light of the above, it is apparent that there are material facts in dispute. This precludes the Court from finding that Defendants violated the NJCFA as a matter of law. *See Rosenau v.*

4

*Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The Court therefore denies Plaintiffs' Motion for Partial Judgment on the Pleadings.[3]

## IV. CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

IT IS on this 6th day of November, 2024, **ORDERED** as follows:

1. Plaintiffs' Motion for Partial Judgment on the Pleadings (ECF No. 41) is **DENIED**.

2. Plaintiffs' Refiled Emergency Motion (ECF No. 69) is **DENIED** as moot.[4]

3. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF No. 41 and 69.

---

[3] The Court is not willing to consider the matters outside of the pleadings that Plaintiffs submitted in support of their Motion because Plaintiffs only requested summary judgment by way of their reply brief and because the Court did not notify the parties that it would treat the Motion as one for summary judgment. *See Lake v. Aetna Life Ins. Co.*, 54 F. Supp. 3d 331, 335 (D.N.J. 2014) ("A district court need not convert a Rule 12(c) motion if the court excludes all matters outside the pleadings when deciding the motion."); *United States v. Est. of Elson*, 421 F. Supp. 3d 1, 5 (D.N.J. 2019) ("[T]he defendants have invoked summary judgment only in their reply brief. To give the government a fair chance to respond would require the court to initiate a wasteful, additional round of briefing."); *Dovale*, 2006 WL 2385099, at *5 (noting that if the court converted a motion for judgment on the pleadings into a motion for summary judgment, it "would have to provide the parties with notice of the conversion so that they [would] have a reasonable opportunity to present all material relevant to a summary judgment motion") (citing Fed. R. Civ. P. 12(c)). The Court's ruling is without prejudice to Plaintiffs bringing a motion for summary judgment that complies with the District of New Jersey's local civil rules and with the Scheduling Order issued in this case. (*See* ECF No. 34).

[4] On August 1, 2024, Plaintiffs filed an "Emergency Motion to Secure a Fair Trial." (ECF No. 54.) On August 14, 2024, Plaintiffs filed a "Motion to Include Documents in Support of Plaintiff's Emergency Motion for Relief." (ECF No. 59.) Through these motions, Plaintiffs sought expedited review of their Motion for Partial Judgment on the Pleading and their Motion to Strike Defendants' Affirmative Defenses. (ECF Nos. 41 & 44.) On August 28, 2024, this Court found no basis to rule on either motion on an emergency basis and noted that both pending motions would be "decided by the Court in due course." (ECF No. 66.) Twelve days later, Plaintiffs filed a "Refiled Emergency Motion," raising the same issues as in their previous emergency motions. (ECF No. 69.) On September 10, 2024, the Court decided Plaintiffs' Motion to Strike Affirmative Defenses, (ECF No. 70), and the Court now denies Plaintiffs' Motion for Partial Judgment on the Pleadings. Accordingly, Plaintiffs' Refiled Emergency Motion (ECF No. 69) is moot.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**